ORIGINAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMAS D. CUESTA, SR.,

    Petitioner,

v.

    Case No. 04-C-645

DANIEL BERTRAND,

    Respondent.

U.S. DIST. COURT EAST DIST. WISC.
FILED
JUL 2 5 2005
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Tomas D. Cuesta, Sr. ("Cuesta") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On July 6, 2004, Cuesta filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cuesta's petition initially asserted what he labeled as sixty distinct grounds for relief. However, on November 18, 2004, the court screened Cuesta's petition pursuant to Rule 4 of the Rules Governing § 2254 cases and determined that many of the grounds labeled as separate bases for relief discussed the same general claim. Ultimately, the court recognized only eight distinct claims for relief asserted by Cuesta, some of which were dismissed. The court ordered that the respondent answer the petition as to the remaining claims only.

Instead of filing an answer, the respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). In addition, the respondent moved to stay the deadline for filing its answer

AO 72A (Rev.8/82)
Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.
Case 2:04-cv-00645-AEG   Filed 07/25/05   Page 1 of 5   Document 24

until the motion to dismiss could be resolved. The motion to stay was granted, and the court established a briefing schedule on the respondent's motion to dismiss. The pleadings on that motion are now closed, and it is ready for resolution.

## MOTION TO DISMISS

The respondent seeks dismissal of Cuesta's petition, claiming that it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The one-year statute of limitations begins to run under § 2244(d)(1) from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence.

The conviction that Cuesta challenges in the pending petition became final for purposes of § 2241(d)(1) on February 10, 2003, the date that his time for filing a petition for certiorari to the United States Supreme Court expired. Therefore, the latest date upon which Cuesta could have filed a timely petition for habeas corpus relief was February 10, 2004. The pending petition was not filed until July 6, 2004, almost five months after the statute of limitations expired. Thus, absent tolling of the statute of limitations, Cuesta's petition must be denied.

The respondent anticipates that the court may analyze whether tolling is appropriate under under § 2241(d)(2). (Resp. Br. at 2-4.). That subsection provides for tolling if the petitioner

2

"properly" files an application for State post-conviction or other collateral review. In that scenario, the time during which the properly filed request for relief is pending does not count toward the one-year statute of limitations. A motion is "properly filed" for purposes of triggering the tolling provisions of § 2241(d)(2) if its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." Gray v. Briley, 305 F.3d 777, 779 (7th Cir. 2002)(citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)). This can be determined in a straightforward way by looking at how the state courts treated it. Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). If the state court considered the claim on the merits, it was properly filed. Id. If the state court dismissed it for procedural flaws then it was not properly filed. Id.

In the present case, it is clear that the tolling provision set forth in § 2241(d)(2) was not triggered. Cuesta filed two pleadings in the state court during the time that the statute of limitations was running. The first pleading was filed on May 14, 2003 and was resolved two days later by letter of the court. In the letter, the court states that Cuesta's "'motion' is not one recognized in law" because it references pretrial requests and that no action will be taken on the motion. (Resp. Br. at App. 10.). Accordingly, Cuesta's May 14, 2003 motion was not "properly filed." Moreover, because only two days passed before the motion was resolved, tolling based on this first motion would not render the pending petition timely.

The second pleading that Cuesta filed while the one-year statute of limitations was running is entitled "Motion for Expansion of the Record and DNA Test and Tests." That motion was pending in the Dane County Circuit Court for thirty-five days before being dismissed on September 9, 2003. In its order of dismissal, the court stated that Cuesta has already had the benefit of extensive post-conviction procedures and presents no adequate basis for bringing his motion to the trial court at that

3

time. Based on the foregoing, the trial court concluded that "there is no basis in law or fact for this Court to take any further action on the papers filed by Mr. Cuesta." (Resp. Br. at App. 13.). The quoted portion of the order dismissing Cuesta's motion makes clear that the motion does not satisfy the standard set forth in Freeman. The state court did not deem the motion a proper one and, therefore, did not consider its merits.

This means that statutory tolling is not appropriate and, as mentioned earlier, the statute of limitations for Cuesta's petition expired February 10, 2004. Although Cuesta filed petition for habeas corpus relief in the state court, that petition was not filed until February 17, 2004. (Pet. ¶ 15(c).). Because the petition falls outside the time when the statute of limitations was running, it is of no consequence for purposes of tolling and will not be discussed further.

With statutory tolling under § 2241(d)(1) aside, there is no basis for the court to consider the merits of Cuesta's petition. Although the Seventh Circuit held out the possibility that some prisoners may invoke equitable tolling or estoppel to justify untimely petitions (Freeman v. Page, 208 F.3d at 576 (citing Taliani v. Chrans, 189 F.3d 57 (7th Cir. 1999)), the only arguments that Cuesta presents regarding equitable tolling are that he has little education, that he did not know about the statute of limitations, that his federal claims have merit, and that the pending state court litigation constitutes extraordinary circumstances. (Cuesta Resp. at 3-5.). These grounds do not constitute adequate basis for equitable tolling. Indeed, many litigants lack education and legal experience. For example, in Taliani, the Seventh Circuit denied the certificate of appealability in a case where the state prisoner missed the deadline by only a little over one month and claimed this was due to his lawyer's miscalculation. The one year statute of limitations obviously appears harsh to persons in Cuesta's circumstances, but that is the law enacted by Congress in 1996.

4

For all of these reasons, the petition for a writ of habeas corpus pursuant to § 2254 will be dismissed as untimely.

**IT IS THEREFORE ORDERED** that Cuesta's petition for a writ of habeas corpus and this case are **dismissed** as untimely pursuant to 28 U.S.C. § 2244(d).

Dated at Milwaukee, Wisconsin, this 25th day of July, 2005.

AARON E. GOODSTEIN
United States Magistrate Judge