# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TOMAS D. CUESTA, SR.,**

                 **Petitioner,**

  v.

                                                            **Case No. 04-C-645**

**DANIEL BERTRAND,**

                 **Respondent.**

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

      Tomas D. Cuesta, Sr. ("Cuesta") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On July 6, 2004, Cuesta filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court screened Cuesta's petition pursuant to Rule 4 of the Rules Governing § 2254 cases and ordered that the respondent answer certain of the sixty grounds for relief that were set forth in Cuesta's petition.

      Instead of filing an answer, however, the respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). That motion was granted, and the court dismissed this case. Currently pending is a "motion for relief from judgment" in which Cuesta asks the court to issue "a reconsideration order vacate the original judgment of dismissal." In his motion, Cuesta reasserts his lack of education and experience as grounds for avoiding the § 2244(d) filing deadlines and contends that the claims raised in his petition have merit. Basically, Cuesta is asking that the court reconsider his petition and reach a different result.

      This is problematic because a motion for reconsideration is not the mechanism by which a party may present issues already argued and determined by the court. In other words, a motion for

reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id.

Accordingly, the court will not repeat its reasons for dismissing the petition as untimely in this decision. It is sufficient to say that, in the opinion of this court, the filing deadline set forth in 28 U.S.C. § 2244(d) requires dismissal for the reasons discussed in the court's earlier decision.

**IT IS THEREFORE ORDERED** that Cuesta's "motion for relief from judgment" is **denied.**

Dated at Milwaukee, Wisconsin this 9th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge