# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMAS D. CUESTA, Sr.,

    Petitioner,

v.                                  **Case No. 04-C-645**

DANIEL BERTRAND,

    Respondent.

**ORDER ON THE REQUEST FOR A CERTIFICATE OF APPEALABILITY**

On July 25, 2005, the court granted the respondent's motion to dismiss Tomas D. Cuesta's ("Cuesta") petition for a writ of habeas corpus on the basis that Cuesta's petition was untimely. On February 9, 2006, the court denied Cuesta's motion for relief from judgment, and on June 1, 2006, the court denied Cuesta's renewed motion for relief from judgment. On June 12, 2006, Cuesta filed a notice of appeal, a request to proceed *in forma pauperis* ("IFP"), and a request for a certificate of appealability ("COA").

Before he may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." Section 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Relevant to this case, the Supreme Court has stated that,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478 (2000). In other words, both a procedural showing and a constitutional showing are necessary to obtain a COA. Id. at 484-85.

In regard to the court's procedural ruling, Cuesta plainly failed to comply with the strict time limits set forth in 28 U.S.C. § 2244(d). Jurists of reason would not find this point debatable. As to his substantive claims, the vast majority of Cuesta's request for a COA is simply a re-argument of those claims.

However, buried within these substantive arguments are for the first time very cursory assertions that he is actually innocent. Despite the fact that Cuesta has filed numerous motions including a brief in opposition to the respondent's motion to dismiss and two motions for this court to reconsider its dismissal of Cuesta's petition, this is the first time Cuesta has presented a cognizable reason to excuse his default. Although the court regards his claim of actual innocence to be in default, even if the court were to evaluate this on its merits, it would fail. Cuesta fails to demonstrate by clear and convincing evidence that but for his counsel's allegedly ineffective performance, no reasonable jury would have convicted him. Schlup v. Delo, 513 U.S. 298, 301 (1995); Herrera v. Collins, 506 U.S. 390, 404 (1993); Sawyer v. Whitley, 505 U.S. 333, 336 (1992). This court cannot say that jurists of reason could debate whether Cuesta should be
-2-

permitted to avoid his procedural default based upon his cursory assertions that he is actually innocent. Therefore, Cuesta's request for a COA must be denied.

In addition to seeking a COA, the petitioner requests to proceed *in forma pauperis* on appeal. However, there is no appeal because the court will not grant a certificate of appealability. Consequently, there is no reason to determine whether the petitioner can proceed IFP on appeal.

**IT IS THEREFORE ORDERED** that the petitioner's request for a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's request to proceed *in forma pauperis* on appeal is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge