# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TOMAS D. CUESTA, SR.,**

                **Petitioner,**

  v.

                                                  **Case No. 04-C-645**

**DANIEL BERTRAND,**

                **Respondent.**

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Tomas D. Cuesta, Sr. ("Cuesta") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On July 6, 2004, Cuesta filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following the parties consent to the full jurisdiction of a magistrate judge, on July 25, 2005, this court granted the respondent's motion to dismiss. Subsequently, the court denied various motions for reconsideration and a request for certificate of appealability filed by Cuesta. Cuesta pursued an appeal, which was ordered dismissed for a lack of jurisdiction.

On April 25, 2007, Cuesta filed a motion for relief from judgment arguing that the judgment is void on the basis that following the parties consenting to the full jurisdiction of a magistrate judge, there was not an order from a district judge referring the case to this court. Cuesta's motion is without merit.

This case was directly assigned to this court pursuant to this district's random case assignment procedures. Cuesta relies upon General L.R. 3.1(a)(2), which describes the procedure for re-assigning a case to a magistrate judge after the parties consent to the full jurisdiction of a

magistrate judge when that case was originally assigned to a district judge. In such a situation, the district judge "*may* refer the case to the magistrate judge by written order . . . ." (emphasis added).

However, this discussion is irrelevant because Cuesta is relying on the wrong local rule. Cuesta's case did not come to this court by way of General L.R. 3.1(a)(2), but rather came to this court directly pursuant to this district's random case assignment procedure set forth in General L.R. 3.1(a)(1). Each judicial district is free to establish its own rules regarding how cases shall be assigned to magistrate judges. 28 U.S.C. § 636(b)(4). Upon the parties consenting to the full jurisdiction of a magistrate judge, the court was vested with full authority pursuant to 28 U.S.C. § 636(c) to process Cuesta's petition and enter a final judgment on its merits.

Therefore, Cuesta's motion for relief from judgment is **denied**. Further, Cuesta's motion for certification of appeal is **denied**.

Dated at Milwaukee, Wisconsin this 26th day of April, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge